IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILLIP J. VONVILLE, | ) |
| Petitioner, | ) Civil Action No. 24-312 |
| v. | ) Magistrate Judge Maureen P. Kelly |
| GARRY HAIDLE, et al., | ) |
| Respondents. | ) |

## MEMORANDUM ORDER

Phillip VonVille ("Petitioner") currently is incarcerated in the Monroe County Correctional Facility ("MCCF") in Stroudsburg, Pennsylvania. Stroudsburg is located in Monroe County, which is within the territorial boundaries of the United States District Court for the Middle District of Pennsylvania. See 28 U.S.C. § 118(b).

In the Petition, Petitioner challenges the validity of a conviction obtained in the Court of Common Pleas of Monroe County, Pennsylvania, at Com. v. VonVille, Docket No. CP-45-CR-1708-2009 (C.C.P. Monroe Cnty.).[1] ECF No. 1-1 at 19. Monroe County is located within the territorial boundaries of the United States District Court for the Middle District of Pennsylvania. 28 U.S.C. § 118(b).

---

[1] See also https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-45-CR-0001708-2009&dnh=088XxndPykJ7TC9oPn81iw%3D%3D (last visited Mar. 12, 2024). It is noteworthy that Petitioner received federal habeas relief from an earlier conviction in that case in VonVille v. Delbalso, No. 14-1582 (M.D. Pa. filed Aug. 12, 2014), but appears to have been convicted again on retrial.

1

Because the conviction at issue arose out of Monroe County, the interests of justice weigh in favor of transferring this case to the United States District Court for the Middle District of Pennsylvania.

The power of this Court to grant the writ is founded upon 28 U.S.C. § 2241(a), which provides that the "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."

Petitioner was convicted within the confines of the Middle District of Pennsylvania. Further, at the time of the commencement of this action, Petitioner was held at MCCF. Consequently, only the Middle District has "jurisdiction" to entertain the Petition. See 28 U.S.C. § 2241(d).[2] See also Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004) ("§ 2241(d) provides that when a petitioner is serving a state criminal sentence in a State that contains more than one federal district, he may file a habeas petition not only 'in the district court for the district wherein [he] is in custody,' but also 'in the district court for the district within which the State court was held which convicted and sentenced him'; and 'each of such district courts shall have concurrent jurisdiction to entertain

---

[2] Section 2241(d) provides that:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

the application.'"); Dunne v. Henman, 875 F.2d 244, 248-50 (9th Cir. 1989) ("The fact that a prisoner is outside the territorial limits of a federal district court does not deprive it of subject matter jurisdiction. A district court has *subject matter* jurisdiction over a habeas petition alleging a violation of federal law under federal question jurisdiction.") (citations omitted); Irving v. Breazeale, 265 F. Supp. 116, 120 n.9 (S.D. Miss. 1967) (even though petitioner was incarcerated in the Northern District of Mississippi, the Southern District of Mississippi, in which the petitioner's state trial was conducted, had jurisdiction over his habeas petition filed there), aff'd, 400 F.2d 231 (5th Cir. 1968).

Petitioner asks this Court to assume jurisdiction over his Petition because of threats allegedly made to him by the government of Monroe County. ECF No. 1-1 at 7. However, for the reasons stated above, this Court lacks jurisdiction over this matter. Further, it is noted that Petitioner already has received federal habeas relief once in this matter in this Middle District. See VonVille v. Delbalso, No. 14-1582 (M.D. Pa. filed Aug. 12, 2014).

This Court may transfer this habeas action to the United States District Court for the Middle District of Pennsylvania, and it will do so under the circumstances. 28 U.S.C. § 1631 (when a district court lacks jurisdiction it can "in the interest of justice, transfer such action…to any other court…in which the action…could have been brought at the time it was filed.")

Based upon the foregoing, IT IS HEREBY ORDERED that the Clerk of Court is directed to transfer this federal habeas action to the United States District Court for the Middle District of Pennsylvania.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order.

Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

Dated: March 12, 2024,

BY THE COURT,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: PHILIP VONVILLE
200909087
MONROE COUNTY CORRECTIONAL FACILITY
4250 MANOR DRIVE
STROUDSBURG, PA 18360